**DLD-073** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2670
_____

GUILIO MESADIEU, trading as Palmist Trucking LLC
Appellant

v.

CITY OF LINDEN, Official Capacity; LINDEN POLICE OFFICER 20098838,
Individually and Official Capacity; LINDEN POLICE OFFICER 20098664, Individually
and Official Capacity

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:18-cv-14561)
District Judge: Honorable John Michael Vazquez

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 19, 2019

Before: RESTREPO, PORTER and NYGAARD, Circuit Judges

(Opinion filed: January 27, 2020)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant Guilio Mesadieu, proceeding pro se, filed a civil-rights action naming as defendants the City of Linden, the Linden Police Department, and two Linden Police Officers, and alleging that he received three wrongful motor vehicle citations (which were later dismissed by a state court), that his trailer was towed and impounded, and that he could not afford the fees to have it released, all in violation of several of his rights under the United States Constitution and New Jersey state law. For the reasons stated below, we will affirm the District Court's dismissal of the action.

Mesadieu's initial complaint purported to be brought on behalf of Palmist Trucking, LLC. The District Court issued an opinion explaining that an LLC cannot proceed without counsel, and granting Mesadieu's motion to proceed in forma pauperis. Because Mesadieu was proceeding pro se, the Court screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) as though it had been brought by Mesadieu, and concluded that it failed to state a claim on the merits. Accordingly, the District Court dismissed the complaint without prejudice to his filing one that remedied the flaws in his first complaint.

Mesadieu filed an amended complaint, in which he listed himself as the named plaintiff, trading as Palmist Trucking LLC. The District Court again screened the amended complaint under § 1915(e)(2)(B), and again found that it failed to state a claim. Specifically, the District Court concluded that Mesadieu failed to allege facts demonstrating that a city custom or policy resulted in the alleged wrongs, failed to allege facts demonstrating that the towing and impoundment of his ostensibly abandoned trailer was in violation of his Fourth Amendment rights, and failed to allege facts giving rise to

2

a substantive or procedural due process claim.  The District Court declined to exercise supplemental jurisdiction over the remaining state-law claims, and dismissed the action, with prejudice, concluding that an opportunity to amend again would be futile.  Mesadieu timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  Our standard of review is plenary, Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000), and we construe Mesadieu's pro se complaint liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  We may summarily affirm if the appeal fails to present a substantial question.  See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

For substantially the reasons given in the District Court's opinion, we will affirm. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.  As explained by the District Court, Mesadieu's amended complaint, liberally construed, contained insufficient factual allegations to support his claims of Constitutional violations.  Furthermore, given that Mesadieu failed to state a claim regarding his federal causes of action, the District Court did not abuse its discretion in declining to exercise supplemental jurisdiction over his state-law claims.  See 28 U.S.C. § 1367(c)(3); Figueroa v. Buccaneer Hotel, Inc., 188 F.3d 172, 181 (3d Cir. 1999).